before you get started to both attorneys. Thank you for rearranging your schedules. We had some cases come off the call and we've had some downtime this morning. So we appreciate your time and we're going to move on to the next case. We appreciate you coming in early. Thank you. May it please the court, counsel. This case is a consolidated appeal from two cases in the circuit court of Will County where the judges dismissed the charging instrument against the defendants when the state refused to amend those charging instruments to include the full name of the minor victim. I believe the issue in this case is actually twofold. That first, whether the name of the minor victim in a crime alleged against a person must be included in the charging document under section 111-3 of the Code of Criminal Procedure. And if not, if this court can and actually should hold that the minor's name should not be so included. And of course the state recognizes the cases cited in the defendant's brief, many cases including People v. Jones, the Illinois Supreme Court case, which have stated where an indictment charges an offense either against persons or property, the name of the person or property injured, if known, must be stated and the allegation must be proved as alleged. But I believe that the recognition in People v. Jones of the trend away from the formalization of criminal complaints, coupled with the substantial public policy of protecting minors as expressed by that same Illinois Supreme Court, compels the conclusion that this court should take that one step further. Take the liberalization of pleadings one step further and actually find that the inclusion of the minor's victims' names in these complaints should not be included. Now again, I do recognize the cases which have stated that general proposition of law. However, those cases have analyzed that statement of law and the facts of the case in terms of the functions that's actually served by that rule of law. And throughout history, those cases have found that those functions are to give the defendant enough information to allow him to prepare his defense and to protect the defendant against double jeopardy. Now again, as far back as 1979 in the People v. Jones case, the Illinois Supreme Court recognized that the charging instrument is not the only means by which those concerns are addressed and met, that there's other ways to protect the defendant's constitutional rights. And again, coupled with the substantial public policy of protecting minors, this state expressly stated in Jane Doe 3, which we cited in our brief last year, that this state, Illinois, has an acute interest in the well-being of minors. Now, the defendant argues in his brief that this inclusion of the name is mandated under Section 111-3, a defect of which would subject the charging instrument to outright dismissal upon motion of the defendant. But I believe that Jones specifically finds otherwise by implication in holding that the failure of the name to be included or the misnomer is merely a formal defect. If it's merely a formal defect, which can be changed during the trial by the state upon a motion to amend the indictment, I believe that this court can take this one step further and actually find that it's not a defect at all, given the recognition, again, that the charging instrument is not the sole means by which a defendant's constitutional rights are protected. Now, of course, the cases have stated that it's an essential element, but again, I don't believe that they're talking about an essential element under 111-3. And people did file a motion to cite additional authority, which was a very recent case out of the Second Circuit Federal Court, and I think that that kind of explains the difference between talking about an essential element that has to be provided to the defendant as opposed to an essential element that must be included in the charging document. And in that case, the court said it is, of course, an essential element, that being the name of the victim of the crime, of the charge, unquestionably important, and the defendant is, of course, entitled on demand to its disclosure in a bill of particulars or otherwise, but it doesn't have to be included in the charging document. And I think that the Illinois Supreme Court also recognizes that the bill of particulars is a means to provide the defendant with the information necessary for him to prepare his defense, where in that case, the Illinois Supreme Court stated that a bill of particulars can be used as a means of providing information to the defendant to help enable the defendant to prepare his defense. And in fact, stated that you don't need a bill of particulars if everything is included in the charging document. So it's the people's position here that if it doesn't have to be there under 111-3, and the Illinois Supreme Court has recognized this fact in finding it merely a formal defect, and in finding that the charging document and is not the sole means of protection against the defendant, given the stated, and it can't be disputed, substantial public policy of protecting minors, that we should have a rule that the name does not have to be so included in the charging document. And we're asking this court to so find. So the public policy of protecting minors is to not disclose their identity to the public? And then there was some back and forth below, and they ended up, the public defender saying that was not sufficient, they wanted the full name. And that's how we ended up here, because we did not believe that the full name was necessary. What does the information charge? What's the language? The information in these cases, I believe in the Desira case, it just referred to a minor, if I'm not mistaken. With respect to Espinosa, it was a domestic battery based on batterying a family member. Correct. So how was the family member identified? I believe in that case... Were either one of these informations amended? No, we did not amend it. Correct. In Espinosa, the initials of the victim, including it was the defendant's 14-year-old son or whatever the case was, was stated on the record at a bond hearing. So my point is, why not amend the information to describe the age, gender, without revealing the identity or relationship in terms of Espinosa? Well, I believe that, well, it ended up being that the defender wanted, asked for the full name, and that was actually the ultimate holding, was that we did not provide the full name of the individual that it was subject to dismissal, and that's why they dismissed the case. And I think that other indicators, and I know the defendant had brought up the position that we never explained why we changed our policy from initials to, you know, using a pseudonym, but there was a specific reason. I mean, it wasn't off-record in these cases, so we, of course, did not include that in our brief, but there was a specific reason, and that reason was that this person was going to be easily identified in this particular case by his initials, and that's why we... And this individual being a minor? It was a minor, correct. It was a situation where it was a small town, it was an allegation against a basketball coach, against a player, and, you know, the... Which everybody in every coffee shop would know. Well, and the media did have the roster of the names of the children that were on this basketball team, and he had a scholarship, and the parents were just really concerned about the fact that he was going to be identified, and that's how we got to this point. But that's not at play with these two cases, or is? There wasn't any specific concern that, you know, the media was that interested in these particular cases, or they would be easily identified, but because of that one case, I mean, it can come up again, and that's why we're looking for... I mean, that is explaining your change from initialing to pseudonym. Pseudonym, correct. But the line behind that is the idea of having a curtain on identity, right? Correct. If there's no further questions... Thank you. Thank you. Good morning, Your Honors. May it please the Court, Counsel, representing the defendants in these consolidated appeals, Sandra Espinosa and Angela DeSera. Since 1837, there has been an unbroken line of cases in Illinois holding that where the state charges the defendant with a criminal offense committed against an individual, that individual's identity must be disclosed in the charging instrument. It must also be proved at trial. How far does the Bill of Particulars go back? That, I don't know for sure, Your Honor. I don't know when that first came into effect. Would your argument be different if the Bill of Particulars is a right of the defendant to be proffered to the state and the state must respond to it? Did not exist in 1837? Whether it existed in 1837 or not, the case law begins in 1837. It continues through 2012. There's a recent case law as well. Your opponents are making the public policy argument that what is the harm to the defendant if it's not disclosed in a public charging instrument but is disclosed in a Bill of Particulars to the defendant and counsel? Well, regardless of what the harm is, the case law exists. The defendant would submit the case law exists for a reason. If Your Honors approve today what the state's asking Your Honors to do, you'll be departing for more than 150 years of Illinois precedent. Which we can be then corrected by the Illinois Supreme Court. If you could, I would submit that you'd also be ruling contrary to Section 111-3, which refers to essential elements of the offense. Now, the state calls it a formal defect, but if it's a defect, then something's wrong. If it doesn't have to be there, it's not defective. Well, let's talk about identity here, conceptually. It's not the protection to the defendant that they actually be charged with a real crime against a real individual. Isn't that really the essence of this? That's correct. But if identity can be determined by initials or pseudonyms, that is, a belief that there is a real person, then the fear of subterfuge should be gone, wouldn't it? Defendants are fine with initials, and the defendants in these cases were fine with initials. In fact, in Espinoza, the defense did not file a motion to dismiss. The defense filed a motion asking the judge to direct the state to amend the charging instrument to include the complainant's initials, and the state flat out refused. Hence my question, why was the line drawn in the sand? And then the trial court's ruling was different than the motion, correct? You just wanted the victim identified. Exactly. But not necessarily by name. Right. Defense would have been happy with initials. Now, in De Sera, the defense did file a motion to dismiss, but during the hearing on that motion, the judge asked defense counsel, would it be sufficient if the charging instrument were amended to include the complainant's initials? Defense counsel said yes. Again, the state refused to amend, and the defendants submit that if the state would have simply amended, the cases would have proceeded, we wouldn't be here today. We might be here on a defense appeal from a conviction, we would not be here on a state appeal from the dismissal of charges. The state argues that the trial judges were wrong to dismiss the charges the defendants submit, that once the state refused to amend, it left the trial judges with absolutely no choice, no legal option other than to dismiss. The state alludes to it today in an argument that also came out in the De Sera case, that prior to these cases, the state's charging policy in Will County was to identify minor complainants and charging instruments by their initials. And now the state's attorney has adopted a brand new policy, which it asks this court to approve. Again, the defendants submit, first of all, if this court were to do so, you'd be departing from Illinois precedent. The defendant has absolutely no problem with the stated policy goal of protecting privacy interests of minor complainants. It would appear, though, that that policy was achieved by the former pleading practice in Will County of identifying complainants according to their initials. So if defendants were aware that initials make a minor more easily identifiable, they would have no problem with the new policy? I'm sorry, your honor? In a given case, and maybe that should be the burden on the state in the given case, to adopt a broad policy saying, well, in all cases this is necessary, the state has not shown that it's necessary in all cases. Now, as your honors are aware, oftentimes I and other attorneys in my office represent minors appealing juvenile adjudications, and according to Supreme Court rule, they are identified in the briefs not by their complete name, but by initials, or by the first name and then the initial of the surname. Of course, that's according to Supreme Court rule. There's no Supreme Court rule currently in existence allowing the state to do what it's asking this court to approve, nor is there any legislation allowing this court to approve what the state is asking your honors to do. Defendants admits that if the state believes this is necessary, this new pleading practice, it should go before the legislature or the Supreme Court to devise a Supreme Court rule. The state has cited several statutes from other states in its brief, allowing the omission of complainant's identities from charging instruments. Of course, those other state statutes have no application here, but they support the defendant's argument that if the state believes this is so important, it should make its argument to the legislature. Now, with respect to the federal case, the state has cited in its motion- Or the Supreme Court. Or the Supreme Court, with respect to Supreme Court rule. That's correct. That's correct, one or the other. Now, the state cites a federal case, as mentioned today, in its motion to add authority. That refers to the federal rules of criminal procedure, which, of course, do not apply here, and applies federal law as well. One requirement in that federal case stringer is that the defendant show prejudice, and they found the defendant was not able to show prejudice. Prejudice is not required here, and I will endeavor to explain why. The state also cites, and this ties into the prejudice argument, the state cites a handful of Illinois cases in which defendants were convicted of criminal offenses, they appealed, and then argued for the first time on appeal that the charging instrument was deficient, because it failed to identify or misidentified the complaining witness. And in those cases, the defendants did not win relief, even though the charging instruments were clearly deficient. The distinction turns on the timing of the defendant's challenge to the charging instrument. Under Illinois, if the defendant challenges the charging instrument for the first time on appeal, he must show prejudice. But if he challenges the charging instrument in the trial court, prior to trial or plea, he need not show prejudice, need only show that the charging instrument does not comply with Illinois pleading requirements. In both of these consolidated cases before your honors today, the defendants challenged the charging instruments in the trial court prior to trial or plea. Mr. Espinoza filed a motion to amend, Ms. DeSera filed a motion to dismiss. The state argues on appeal the defendant can't establish prejudice. That argument is misplaced here because of the timing of their challenges to the charging instruments. The question of prejudice is simply irrelevant here. It's just per se defective or strict liability, right? I'm sorry? It's just per se defective or analogous. It's per se defective. It's a strict liability type argument. Right. Now, I would be remiss if I didn't also note that, of course, the record shows that there were arguments by defense counsel there about double jeopardy. And that was a concern. One thing the state argued in the trial court is, well, if the case goes to trial or there's a guilty plea, we'll disclose the identities on the record at that point in time. The judge in the DeSera case said, well, if you're going to disclose it then, are you really protecting privacy just because you didn't disclose it up front? And the state's attorney really had no particular response to that question. So I think there is a double jeopardy concern. Again, here, though, because of the timing of the challenges, it's strict liability, as your Honor says. The defendant is not obligated to show prejudice. Now, the state and the defense agree on appeal that where there is a deficiency in the charging instrument concerning the identity of the complainant, whether it's an omission, as is the case here, or a misidentification, that can be rectified by an amendment prior to trial or plea. Again, here, the state was given every opportunity and it refused to do so. So it was clearly an intent on the part of the state to draft these charging instruments to not include the identities of the complainants and not to amend. Now, the state references the fact that the judges, at least one of the judges, said, well, you have to include the full name. But again, all the parties here in the trial court, other than the state, would have been happy with initials. And there's no indication, by the way, in these records that trial defense attorneys in Will County opposed the practice of referring to complainants by initials. No indication in the records that trial judges had any problem with that either. Apparently, they all went along with it. And now, all of a sudden, the state says, well, we need a new policy. We have to do something different. Again, the defendant submits that that argument properly lies before the legislature. In any event, the state's refusal to amend these charging instruments left these judges with absolutely no choice but to dismiss. Defendants, therefore, submit that those rulings were correct. And Mr. Espinoza and Ms. DeSera respectfully ask your honors to affirm the judgments of the circuit court. Go ahead. What's the date of the offense on DeSera? The date of the offense? I have it in my notes. I'm sure she was here April 23, 2012. So if this decision isn't rendered in 18 months, it's a misdemeanor if I'm not mistaken, the state can't refile, right? Isn't there a statute of limitations problem? There may well be. I'm just trying to figure out in the grand scheme of things why the line was drawn so strongly in the sand over these cases. You'll have to ask counsel for the state. I cannot answer that. But you're representing to me in the record that everybody agreed initials would be fine. That's what the defense in Espinoza asked for in a motion to amend. Again, DeSera did file a motion to dismiss. But at the hearing on that motion, the judge asked defense counsel would it be adequate if the initials were included. And counsel conceded, yes, that would be adequate. But based on the argument that you're making that you needn't show any prejudice, that would really kind of fly in the face of you. You're saying that the name of the victim is an essential element. And since they didn't provide the name, it has to be dismissed. And that would seem to suggest to me that initials wouldn't be sufficient either. That what you're saying is that we don't have to show any prejudice. The law and the statute requires the name. I mean, that seems to me what you're saying, that regardless of whether you're saying what was agreed to, your argument is that the name is what is required. It doesn't matter that we can try our case, that there's no worry about double jeopardy, but that they aren't meeting this technical requirement, and therefore it has to be dismissed. Well, I guess it depends on how narrowly or broadly your honors interpret that. I would say identity is adequate. Now, the case law, some of the cases may well say name. Some may say identity, although don't trust me on that. Look at the cases. Again, the defendants here would have been satisfied with initials. That would have given them the identity. And I think that would have satisfied double jeopardy problems. Again, this was the form of practice in Will County. There was no argument here by the state, well, gee, we realize that this was challenged at some point, and therefore we can't use initials anymore. There was never an argument here. I'm not aware of any case law, certainly, where there was a challenge made by defense or even the appellate court saying sua sponte, well, this practice of citing initials, that's not strictly compliant with the law. It has to be name. I think the major concern is identity. And if initials are set forth and the defense is satisfied and the trial judge is satisfied that that establishes identity for pleading purposes, then I think that's adequate. And again, is initials sufficient in any other area of law for identity? It sounds like something we'll have to discuss when we conference the case. It seems like everybody's playing fast and loose with this requirement. Well, Your Honor, it's certainly old that the name is required. Again, maybe it was a compromise. And I can't tell you offhand in terms of how it's charged in other counties, Your Honors. Certainly in briefs filed in cases on appeal involving juvenile complainants, we typically identify those individuals by initials, whether that's compromise, agreement, court order. I don't know that there's been any objection to that. And again, there's no indication that this prior practice was being objected to in Will County or that there was a thought that that was not adequate. And again, I'm not aware of any case law saying that initials are not adequate. But now the state says initials are not enough for them and they want Your Honors to approve that. And I would ask Your Honors not to take that further step that the state asks Your Honors to do. And our polite clerk has quietly reminded you your time is up. Thank you very much. Thank you, Your Honors. Ms. Griffin, Ms. Griffin, Ms. Griffin. Am I right? Is the statute of limitations fast approaching? I do believe so, yes, Your Honor. And our timeliness policy allows us 60 days to issue a decision, our informal policy. So if we take 60 days, aren't you out of luck? Even if we reverse? Yes, Your Honor, and I believe that one of the reasons we took this case to the extreme in a misdemeanor situation was that we wouldn't lose, you know, we didn't want to take like a class act sex felony against a victim and, you know, bring that up on appeal. And we felt that this particular case was one that we were willing to take up. With regard to Espinoza, you've identified the victim of a domestic battery not by the relationship, the family relationship, but only as a minor. You haven't used age, you haven't described the relationship. Why not at least put that degree of detail? We identified him as a minor, obviously, who was really a family member. But you don't allege the relationship. No. You don't say stepchild, grandchild. No, Your Honor, that is true. Why not? Because it's the state's position that the defendant is made, that that's enough for an allegation under 111-3, that the specific element is a minor. The information, the facts, the additional facts that the defendant needs could be provided in the bill of particulars. And I believe that the case law suggests that. That in the battery case, the element is that it's against an individual and that in the Espinoza case, it's a minor. And that that is sufficient under 111-3. Do you think it would have been sufficient if you charged a person rather than a minor? I believe in the... Because I think that's the logical extreme of your argument. Yes, and I do believe it would be sufficient in the battery charge. I believe, yes, I do believe that would be sufficient because I believe an individual, if we allege that, would be the same as a person. And I believe that, again, the bill of particulars, and in one of the cases, I believe it was the Espinoza case, they were willing to, we were willing to file the bill of particulars, obviously upon request of the defendant under seal. And it's under seal. It's not available to the public, but the defendant gets it. So he's made well aware very early on of the specifics of who the person is. And I'd like to address one other issue, and counsel talks about the timing of the motion to dismiss. And I believe that the timing is only important that it's a pretrial motion to dismiss if it's a defect under 111-3. And the state believes in Jones specific. It can't be a defect under 111-3. It can't be a formal defect under 111-5. Section 111-5 specifically says defects under 111-3 cannot be amended on motion of the state. And the 111-3 challenge is where the timing becomes important. Defense counsel stated identity is adequate. And I believe that if it's adequate, it's adequate in the bill of particulars. The position presented before this court is in stark contrast to saying that the defense was willing to accept initials in the courts below. We're talking about, defendant talking about case law since 1837 that has said the name of the individual. None of those cases said the initials are sufficient. So defendant's argument is, or at least based on this case law, it must be the name in the bill of indictment or the charging instrument. And the initials, according to what I translated the defendant's argument to be, is not enough. So I believe that it's contrary to the defendant's argument here to say, well, we would have done initials below, so why? What was wrong with the state complying with that? I do believe, and I correct myself, because I do believe in the DeSera case, the defendant was willing to provide the initials, and we did not want to do that also. Lastly, I don't believe it has to be the legislature that changes the law here. I believe that the law provides an opportunity for this court to find that the minor's names do not have to be included in the charging instrument. It complies with the substantial public policy of protecting minors, and I believe that, and we're requesting that this court do so. Now, you're up here arguing public policy of protecting minors. Which case is it that's the Class A misdemeanor that has the risk of not being prosecuted because of this Mexican standoff between you and the defender's office? That is the DeSera case. Espinoza. Espinoza, where a minor was allegedly assaulted by a family member. Correct. What's the public policy of your office in risking not a prosecution to protect a minor? Well, I believe, Your Honor, we would hope to be able to recharge this crime, this charge, if we're able to. Again, it was a situation where this had to be addressed, and sometimes when... At the risk of a minor. Perhaps. I mean, hopefully we can still charge it and proceed on the case. However, the public policy is so much more widespread of protecting these minors that I believe that we have to address this issue before this court. If I understand your argument correctly, it's not the public policy of protecting the one minor in Espinoza, but it's a broader policy. It's a broader public policy of protecting minors against publication of their names, possibly through the media, and just the fact that it just doesn't have to be included in the charging instrument. So even though counsel suggests that it might be identified some way in its brief, I think that the public policy should be to try and protect these people, these minors, as much as possible, and this is one means of doing so. Okay. Any other questions? Thank you. Thank you. We will be taking the matter under advisement. And for now, there will be a brief recess for panel change.